UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVE BIELA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:21-cv-02053-SEB-TAB |
| ) | |
| INDIANA GAMING COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [Dkt. 20], filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The Amended Complaint purports to be based on a 42 U.S.C. § 1983 claim growing out of an alleged wrongful seizure of Plaintiffs' property by employees of the Indiana Gaming Commission. The Complaint, which names as defendants the Indiana Gaming Commission, Executive Director Sara Gonsi Tait, and Indiana Gaming Commission employees Jeffrey Boyd, Phil Laux, Jeff Franklin, T. Rubesha, and Al Williamson, is far from lucid and grossly incomplete, and the accompanying briefing on the Motion to Dismiss does little to overcome these deficiencies by illuminating the nature of Plaintiffs' grievances and providing an accurate legal basis for Plaintiffs' claims against these Defendants. Accordingly, for the reasons detailed below, we GRANT without prejudice Defendants' Motion to Dismiss.

**Factual Background**

As best the Court can determine (though really, we rely largely on our own speculations and assumptions), Plaintiffs Dave Biela ("Dave") and Claudia Biela ("Claudia") at some point began to be investigated by the Indiana Gaming Commission relating to alleged illegal gambling operations, which investigation culminated in the arrest and prosecution of Dave and the issuance and execution of a search warrant relating to property thought to have been involved in the illegal gambling activities as well as some amount of currency.  Plaintiffs allege that on February 18, 2016, Defendant Jeffrey Boyd (whose specific role has gone unexplained, though he is allegedly an employee of the Indiana Gaming Commission) included false information in an affidavit in support of the criminal charges against Dave as well as the search warrant.  Am. Compl. ¶ 9.  The remaining individual defendants are sued simply for having known "the information was false and used that information to arrest the Plaintiffs."  *Id.*  ¶ 23.

Based on the information supplied by Mr. Boyd, on February 22, 2016, Dave was criminally charged in Cause No. 46D01-1602-F5-000155 in LaPorte Superior Court with one count of Corrupt Business Influence and five counts of Promoting Professional Gambling.  Two months later, on April 22, 2016, the Indiana Gaming Commission filed in LaPorte Superior Court a motion to seize property against Dave and Claudia in Cause No. 46D02-16040MI-000684.  Plaintiffs allege that Defendants Luax, Franklin, Rebesha, and Williamson all "assisted" Mr. Boyd "in the institution of [] both causes," which actions Plaintiffs claim were not supported by probable cause.  Am. Compl. ¶¶ 14–15.  Plaintiffs also allege that "[t]he Defendants performed illegal search and seizure and

2

malicious prosecution on the Plaintiff." *Id.* ¶ 24. On February 28, 2018, the criminal charges against Mr. Biela were dropped and on May 29, 2019, the parties entered a stipulation of dismissal in the seizure action.

Based on these facts, Plaintiffs accuse Defendants of having acted individually and jointly under color of state law to deprive them of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, which caused them to suffer losses that included "legal fees, loss of income, loss of future earnings, loss of personal business tangible property; and mental, emotional and physical distress." *Id.* ¶ 26.

Defendants have moved to dismiss Plaintiffs' complaint on grounds that the Indiana Gaming Commission and the state employees in their official capacities are immune from suit, and, in any event, the complaint fails to state a claim and/or is barred by the statute of limitations.

## Legal Analysis

### I.     Applicable Legal Standards

Defendants have moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002) (citation omitted). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject

3

matter jurisdiction exists." *Estate of Eiteljorg ex rel. Eiteljorg*, 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011) (citation omitted).

In addressing a motion under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* FED. R. CIV. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Eleventh Amendment Immunity

Defendants seek dismissal of Plaintiffs' claims against the Indiana Gaming Commission and the state employees sued in their official capacity on grounds of Eleventh Amendment immunity. The Eleventh Amendment bars suits against state agencies and state officials. "[A]lthough not explicitly provided for in the text, 'the Eleventh Amendment guarantees that an 'unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Counsel 31 of the Am. Fed. of State, Cty. & Mun. Emps., ALF-CIO v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012) (citation omitted). "If properly raised, the amendment bars

actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Id.* at 882 (citation omitted). "The *Ex parte Young* doctrine 'allows private parties to sue individual state officials for prospective relief to enjoin ongoing violations of federal law.'" *Id.* (citation omitted).

Plaintiffs have not sought prospective relief, such as injunctive or declaratory relief in this lawsuit; rather, they seek to recover only monetary damages from Defendants. The Indiana Gaming Commission, which is a state agency, and the state officials, sued in their official capacity, are therefore immune from suit under the Eleventh Amendment. Accordingly, Plaintiffs' claims against the Indiana Gaming Commission and the individual Defendants in their official capacity must be dismissed.

### III.   Statute of Limitations

Defendants argue that the named state officials are also entitled to dismissal of the individual capacity claims alleged against them because those claims were not timely filed. "While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). The burden is on Defendants to prove their entitlement to judgment on the basis of the statute of limitations defense.

Suits brought under § 1983, such as this one, are governed by the statute of limitations and tolling rules that states employ for personal-injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, the applicable statute of

5

limitations period for personal injury claims is two years. IND. CODE § 34-11-2-4. "[A] Section 1983 claim accrues when the constitutional violation is complete and when the plaintiff has a present cause of action—'that is, when the plaintiff can file suit and obtain relief.'" *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

We turn first to address the timeliness of Plaintiffs' Fourth Amendment claim. Plaintiffs allege that the individual Defendants violated their Fourth Amendment rights "when they entered [Plaintiffs'] residence and business to search and seize property belonging to the Plaintiffs" and "us[ed] unreasonable force (entering Plaintiff's [sic] property, taking Plaintiff's [sic] property and arresting the Plaintiffs) against the Plaintiffs where there was no legal basis to do so" and/or by failing to intervene to stop these violations. Am. Compl. ¶¶ 43, 44. Seventh Circuit law is clear that Fourth Amendment claims based on allegations of unlawful search and seizure, including excessive force during arrest, "accrue[] immediately," *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010), and Fourth Amendment false arrest claims accrue "'at the time the claimant becomes detained pursuant to legal process'—that is, when the arrestee is bound over by a magistrate or arraigned on charges," *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013) (quoting *Wallace*, 549 U.S. at 397).

Here, Plaintiffs allege that false information contained in a February 18, 2016 affidavit led to an unlawful search and seizure of Plaintiffs' property and Plaintiffs' false arrest. Plaintiffs allege that criminal charges were filed against Mr. Biela on February 22, 2016 and that an action to seize Plaintiffs' property was filed on April 22, 2016. Because

6

Plaintiffs did not file their complaint in this action until May 17, 2021, more than four years after the latest date on which their Fourth Amendment claims could have accrued based on these facts, those claims are untimely and must be dismissed.

Due to the utter lack of factual detail in the Amended Complaint and Plaintiffs' briefing, it is impossible, however, for the Court to determine when the two-year statute of limitations began to run on Plaintiffs' First and Fourteenth Amendment claims. Accordingly, because the complaint does not "itself set forth everything necessary to satisfy the affirmative defense," *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005), as to these two claims, we cannot dismiss them on statute of limitations grounds.

## IV.   Failure to State a Claim

Although we are unable to determine based on the face of the Amended Complaint whether Plaintiffs' First and Fourteenth Amendment claims are barred by the applicable statute of limitations, we agree with Defendants that these claims must be dismissed under Rule 12(b)(6) for failure to adequately state a claim upon which relief may be granted.[1]  Beyond merely referencing the Fourteenth Amendment, Plaintiffs do not

---

[1] To the extent Plaintiffs have attempted to assert any additional claims for relief beyond those based on the First, Fourth, and Fourteenth Amendments by sprinkling extraneous legal words of art such as "malicious prosecution," "negligent infliction of emotional distress," "intentional infliction of emotional distress," "negligence," and "deliberate indifference" throughout their Amended Complaint without factual support or explanation, those claims are dismissed under Rule 8. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that pleadings contain "a short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief.  In other words, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *accord Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages" to determine

include *any* factual support for such a claim or even clarify the basis for it. As such, the Amended Complaint fails to include "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, under the Fourteenth Amendment.

Likewise, the Amended Complaint fails to adequately plead a violation of the First Amendment. Plaintiffs allege generally that Defendants prevented them from exercising their "right to speak" and that Defendants violated Plaintiffs' "right to freedom of expression and press," but these are not factual allegations. Rather, such references are nothing more than mere "labels" and "conclusions" and "formulaic recitations" of First Amendment buzzwords insufficient to plausibly state a viable claim of relief against Defendants. *See id.* at 555 (holding that although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient); *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support.").

---

whether it states a valid claim). The Court will not attempt to parse Plaintiffs' conclusory and confusing averments into a viable claim for relief.

8

## V.     Conclusion

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [Dkt. 20] is GRANTED without prejudice for the reasons stated above.  If Plaintiffs do not file an amended complaint within twenty-one (21) days of the date of this order, this case will be dismissed with prejudice and final judgment issued accordingly.

IT IS SO ORDERED.

Date:     8/4/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVE BIELA
3044 Ohio St.
Michigan City, IN 46360

CLAUDIA BIELA
3044 Ohio St.
Michigan City, IN 46360

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov